IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>WICLIFF YVES FLEURIZAD,<br>　　　　　　Defendant. | CASE NO: **2:24-CR-133**<br><br>**DETENTION ORDER** |

　　　　The defendant admits allegation number(s) 1-3 of the petition regarding violation of conditions of pretrial release from December 11, 2024. After a hearing on this matter, the court finds by clear and convincing evidence that the defendant has violated the conditions of release. The court held a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f) and § 3148. The court concludes the defendant must be detained pending trial.

　　　　In this case, a presumption of detention does not apply because the court finds insufficient evidence exists that the violation constitutes a federal, state, or local felony commited while on release  Click or tap here to enter text.

　　　　Based on the evidence presented and information of record, the court finds the defendant is unlikely to abide by any condition or combination of conditions of release.

　　　　Specifically, the court finds that the defendant

- ☐ has a criminal record which indicates a propensity to violate the law and court orders;
- ☐ has a criminal record which indicates a propensity to violate court orders;
- ☒ has violated the conditions of release previously imposed by the court;
- ☐ has a propensity to harm or threaten harm to others;
- ☐ is addicted or abuses mood-altering chemicals and is likely to continue such conduct and violate the law if released;
- ☒ was not truthful with pretrial services during his interview and therefore poses a substantial risk of noncompliance with supervision;
- ☐ is not a United States citizen, is subject to an ICE detainer, and faces deportation;
- ☐ is not a United States citizen and could flee the country before trial;
- ☐ has substantial contacts with a foreign country and could flee the country before trial;
- ☐ has limited contacts with the community;
- ☐ lacks a stable residence;
- ☐ has limited employment contacts;

- ☐ has failed to appear for court proceedings in the past;
- ☐ is currently in state custody;
- ☐ committed the alleged crime while on supervision;
- ☐ committed the alleged crime while on bond;
- ☐ has mental health issues which will pose a risk of harm if the defendant is released;
- ☐ waived the right to a detention hearing;

and conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

**Mr. Fleurizard has been asked for employment records and failed to provide documentation on multiple occasions, has taken trips without prior approval and is generally not as responsive as he should be when asked to provide information to probation so he can stay in compliance with the court's release order. Reports are also that he at times can be friendly and charming and at other times very defiant and entitled, suggesting manipulative behavior. He has also picked up a warrant out of Texas and the reports to probation are that he was super aggressive toward the tow-truck person and made comments he would shoot the person if his car was released without payment. While it is not lost on the court that the initial charges do not trigger a bail hearing under 18 USC 3142(f)(1) or (f)(2) but rather conditions of release to address danger to the community and risk of non-appearance, at a pretrial violation stage that standard changes. Here it is clear is not following conditions of release and the court finds he is unlikely to abide any conditions. Given the new charges he has picked up, he is a danger to the community. He is therefore detained.**

## Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Dated December 12, 2024

BY THE COURT:

_____
Magistrate Judge Cecilia M. Romero