FELICE JOHN VITI, Acting United States Attorney (#7007)
BRYAN N. REEVES, Assistant United States Attorney (DC #994799)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176 .
Telephone: (801) 524-5682

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> WICLIFF YVES FLEURIZARD, <br><br> Defendant. | Case No. 2:24-cr-00133-DBB <br><br> STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C) <br><br> Judge David Barlow |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1.      As part of this agreement with the United States of America, I intend to plead guilty to Count 1 of the indictment. My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the United States is required to prove in order to convict me. The elements of Count 1: 18 U.S.C. § 2199 [Stowaway on Aircraft] are:

   a.  That the person boarded, entered, or secreted himself aboard an aircraft at any place within or without the jurisdiction of the United States,
   b.  That the person did so with the intent to obtain transportation and without the consent of the owner, charterer, master, or person in command of the aircraft,
   c.  That the person remained aboard after the aircraft had embarked or departed, and
   d.  That the person was onboard while the aircraft was at any place within the jurisdiction of the United States.

2.     I know that the maximum possible penalty provided by law for Count 1 of the indictment, a violation of 18 U.S.C. § 2199, is a term of imprisonment of five years, a fine of $250,000, a term of supervised release of three years and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013.

b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3.     I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not accept the terms of this agreement.

4.     I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5.     I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6.     I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

a. I have a right to the assistance of counsel at every stage of the proceeding.

b. I have a right to see and observe the witnesses who testify against me.

c. My attorney can cross-examine all witnesses who testify against me.

d. I have the right to testify and present evidence, to call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those

witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.

     e.  I cannot be forced to incriminate myself, and I do not have to testify at any trial.

     f.  If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

     g.  The United States must prove each and every element of the offense charged against me beyond a reasonable doubt.

     h.  It requires a unanimous verdict of a jury to convict me.

     i.  If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.

7.     If I plead guilty, I will not have a trial of any kind.

8.     I know that 18 U.S.C. § 3742(c)(1) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9.     I know that, under 18 U.S.C. § 3742(c)(2), the United States may only appeal my sentence if it is less than the sentence set forth in this agreement.

10.     I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11.     I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

> On or about March 17, 2024, in the District of Utah, I, WICLIFF YVES FLEURIZARD, did knowingly, voluntarily and intentionally board Delta Airlines flight #1683 at Gate A2 of the Salt Lake City International Airport. I further admit that I boarded without consent of the owner or person in command of the aircraft. Flight #1683 was destined for Austin, Texas and my intention for boarding was to

3

obtain transportation without purchasing a ticket. Upon entering the aircraft, I hid
myself in the rear lavatory. Contemporaneous to my actions the aircraft doors
were secured and the plane pushed back from the gate. As I was not authorized to
board the aircraft and my presence was discovered, the plane, its crew and
passengers were forced to return to the gate where I was encountered by airline
supervisors and law enforcement officers. I further admit that while I was on board
this aircraft it was located at the Salt Lake City International Airport, an airport
within the jurisdiction of the United States. I admit that my actions were in
violation of 18 U.S.C. § 2199.

12.    The only terms and conditions pertaining to this plea agreement between
me and the United States are as follows:

a.    **Guilty Plea.** I will plead guilty to Count 1 of the indictment.

b.    **Stipulated Sentence.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of
Criminal Procedure, the sentence imposed by the Court at the time of sentencing will be
time-served with three years' supervised release and I will pay a fine of $5,000.00, which
I agree is a reasonable sentence. In exchange for my plea of guilty to Count 1, the United
States will move to dismiss Count 2 of the indictment. Furthermore, the United States
Attorney' Office for the District of Utah will not pursue additional charges against me for
my actions transpiring on or about March 15, 2024, on Delta Airlines flight 1382 from
Austin, Texas to Salt Lake City, Utah.

(1)    I understand that this agreement, including my plea, the agreed upon
sentence, and all other terms referenced herein, are subject to the approval of, and
acceptance by the Court. I further understand that the Court will likely order the
preparation of a Presentence Report to assist in the determination of whether this plea and
the agreement are appropriate, and I agree to fully cooperate in the preparation of the
Presentence Report.

(2)    If, after receiving all relevant information, the Court rejects the plea
agreement and determines that a sentence different from the agreed upon sentence of
time-served with three years' supervised release and a $5000.00 fine be imposed, I will
have the right to withdraw the plea of guilty and the terms of this agreement will become
null and void. Likewise, if the Court rejects the plea agreement and determines that the
sentence should be less than time-served with three years' supervised release and a
$5000.00 fine, I understand that the United States will have the right to move to vacate
this agreement, and all terms of this agreement will become null and void.

4

c. **Dismissal of Counts.** The United States agrees to move to dismiss Count 2 at the time of sentencing. The United States also agrees not to seek additional charges of 18 U.S.C. § 2199, which the United States Attorney's Office for the District of Utah is aware of at this time.

d. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court will take these facts into consideration in determining the reasonableness of the stipulated sentence.

e. **Appeal Waiver.**

(1)    Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement. I also knowingly, voluntarily, and expressly waive any argument (1) that the statute(s) to which I am pleading guilty is/are unconstitutional or (2) that my admitted conduct does not fall within the scope of the statute(s).

(2)    I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, unless the sentence imposed is greater than the sentence set forth in this agreement, and my conviction, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except to raise an ineffective assistance of counsel claim. This waiver includes any motion for modification of my sentence under 18 U.S.C. § 3582(c)(2).

(3)    I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the United States' right to appeal my sentence pursuant to 18 U.S.C. § 3742(c)(2) and § 3742(b)(1) and (2).

(4)    I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

(5)    Additionally, I waive all rights to appeal any issues regarding my right to presence and the validity of my remote appearance for this and any other hearings held in this matter.

f.  **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

13.    I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14.    I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

*      *      *      *

I make the following representations to the Court:

1.    I am _27_ years of age. My education consists of _Masters Degree_. I _can_ [can/cannot] read and understand English.

2.    This Statement in Advance contains all terms of the agreement between me and the United States; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the United States and I cannot have terms of this plea agreement that are not disclosed to the Court.

3.    No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4.    Neither my attorney nor the United States has promised me that I would receive probation or any other form of leniency because of my plea.

5.    I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6.    I am satisfied with my lawyer.

6

7.    My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8.    I have no mental reservations concerning the plea.

9.    I understand and agree to all the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all the statements are correct.

DATED this __11__ day of __March__, __'25__.


_____
WICLIFF YVES FLEURIZARD
Defendant


I certify that I have discussed this plea agreement with the defendant, that I have fully explained his [her] rights to him [her], and that I have assisted him [her] in completing this written agreement. I believe that he [she] is knowingly and voluntarily entering the plea with full knowledge of his [her] legal rights and that there is a factual basis for the plea.

DATED this __11__ day of __March__, __'25__


_____
TESSA HANSEN
Attorney for Defendant


//

//


7

I represent that all terms of the plea agreement between the defendant and the United States have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 3rd day of March 2025.

FELICE JOHN VITI
Acting United States Attorney


BRYAN N. REEVES
Assistant United States Attorney

8